■ In the Matter of ANNA MAE B., Appellant, v HAROLD H. et al., Respondents. — Yesawich, Jr., J.

Petitioner is the natural mother of three children born in 1973, 1974 and 1975. Since 1978, the children have been in the custody of the Tioga County Department of Social Services and reared in foster homes. After extended hearings, Family Court found neither parent to be a fit and proper custodian capable of meeting the special physical, disciplinary and intellectual needs of the children and rejected petitioner's application, she being the only parent attempting to do so, to regain custody and control of the children. Petitioner appeals. We affirm.

"Paramount in child custody cases, of course, is the ultimate best interest of the child (*Matter of Nehra v Uhlar*, 43 NY2d 242, 248). Here, the testimony of the foster parents and caseworkers from the Department of Social Services is most convincing that the children's special developmental difficulties are such as to require that which petitioner, who is mildly retarded, is incapable of providing, namely, continued firm discipline and intellectual encouragement. For example, because of a lack of structured environment in her natural home, the eldest child displayed self-centered, manipulative and destructive behavior; she lied, cheated and stole food in school and, because of a diabetic condition, required a special diet. Another of petitioner's children attended a school for the emotionally disabled and, when home, needed one-to-one educational training. While the foster parents, who were firm and caring, furnished the children's ordinary needs in a routine and stable home environment, petitioner, who has a mental age of 10, simply lacks the mental fitness and parenting skills to do so. There was also credible evidence that returning the children to petitioner at this juncture would not only forestall but undo the progress the children have realized while in foster care. Although, as Family Court noted, petitioner's love for the children is undoubted, her ability to satisfy their immediate, rudimentary wants is ques-

tionable at best, and her capacity to respond to their emergency needs is gravely suspect. Since Family Court evaluated the appropriate considerations in arriving at its decision, we defer to its reasonable balancing of the competing factors (*see, Matter of Conklin v Rogers,* 103 AD2d 895).

Order affirmed, without costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.